Curia, 'per Waedlaw, J.
The 14th sec. of the Act of 1823, under which the defendant is indicted, is as follows.
“If any person or persons shall wilfully and maliciously throw down, break or destroy, any lock, dam, bank, waste wier, culvert, wall, or any part thereof, belonging to any of the said canals, such person or persons so offending shall, for every such offence, on conviction thereof, pay all the *181 damages arising from such breaking, throwing down or destroying, and shall also forfeit and pay a fine not exceeding one thousand dollars, and be imprisoned not exceeding twelve months, at the discretion ot the court before which such conviction shall take place.”
The indictment, pursuing the words of the statute, charges that the defendant unlawfully, wilfully and maliciously broke a waste wier of the Rocky Mount Canal, (describing the waste wier with precision,) contra for mam staiuti. No other allegation 'was necessary. What damages shall follow the conviction, and to whom they shall be paid, are matters which it must be left to the prosecuting officer to have properly adjudicated hereafter.
The 19th sec. of the Act, which directs that penalties under the Act, of $12 and less, shall be recovered before a justice of the peace, also provides that higher penalties shall be recovered by indictment in the Court of Sessions, and that offences for which imprisonment is made the punishment, shall be prosecuted by indictment in the Court of Sessions. These provisions would have rendered all notice of the inferior tribunal provided for other offences, Unnecessary in this indictment for an.-offence punishable by imprisonment and higher penalty than can be recovered before the inferior tribunal, even if in general it were not plain that it is not requisite to shew the jurisdiction of a court of general jurisdiction, by any averment that the matter is not within certain exempt cases, over which the inferior tribunal has exclusive jurisdiction.
To understand clearly the grounds taken in the motion for new trial, it is necessary to observe that the question of malice, as defined by the Judge, had been submitted to the jury, and then the counsel for the defendant desired the Judge to instruct the jury that if the use of the canal was abandoned, and the defendant took the stone for his own use, avowing honestly his willingness to pay for them when called on, the statute had not been violated. This the Judge declined to do, leaving it to the jury to say whether there was that evil intent which he considered malice,, and holding that, if there was, the matters alleged would go only in mitigation.
*182 The main questions are. 1. What is the malice required by the statute — must it be a motive to injure merely, arising from hatred, wantonness or other evil disposition, or may it be a motive to obtain gain, to which the injury is only incidental ? 2. Were the circumstances such as to shew that the defendant could not have acted maliciously?
As is well known, the legal sense of malice differs from its sense in common speech. In law, malice is a term of art, importing wickedness and excluding a just cause or excuse. It is implied from an unlawful act wil-fully done, until the contrary be proved. The rule is the same in cases of homicide, and those of slander, malicious prosecution, arson, malicious mischief, and all other cases where malice is to be averred and proved. He who kills a stranger to obtain his goods acts maliciously; he who slanders, or without probable cause prosecutes to extort hush money, acts maliciously; he who burns a house to make gain, acts maliciously: and so, the malice implied from the wilful breaking of the waste weir is not rebutted by the defendant’s shewing that he did not act wantonly or spitefully, but was moved by a prospect of the advantage he would derive from obtaining at little cost materials for his mill.
But the defendant acted openly, avowed his intention to pay, and thought the canal forever abandoned.
These circumstances shew that he has not acted furtively, but the offence provided against is altogether distinct from theft, and does in effect include any wilful breaking without just cause or excuse. The canal was not in use, but the costly materials which remained after the use ceased, might have been applied by the State towards repairing the canal or other valuable purpose, and surely were not bona vacantia, to be appropriated by the first occupant. The value of an intention to pay may be measured by what it has produced in other instances, and its sincerity be questioned when no application on the subject was made to any public officer. But if such intention really existed and had been followed up, although it might have removed from the defendant’s act the odium which *183 attaches to a plunderer upon the public, it eould not have been a just excuse, excluding the existence of the evil intent which here was found. How knew he that the mischief to the remaining works, done directly by the breaking and indirectly by the example, could be compensated to the satisfaction of the owner? Mischievous youths who in idle sport should break the lock of a canal, avowing at the time a determination to pay, and shortly afterwards manifesting the sincerity of their avowal by actual offer of compensation, would surely not be held to be free from guilt under the section we are considering, and upon conviction, besides the payment they had offered, might be punished by fine and imprisonment. The question then is whether the defendant is in better condition because he has avowed his willingness to pay but made no offer, and has acted from hope of gain and not in idle sport. Like the harmless inoffensive man, who burnt a house when he had no motive to induce him to commit the act (Rex vs. Farrington, R. and R. 209,) the defendant must be presumed to have understood and intended the consequences of his act, and be held to the terms of the statute which he wilfully violated.
Motion dismissed.
Richardson, O’Neall, Evans, Butler and Frost, JJ. concurred.